## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERNEST MARTINEZ** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 3:16-CV-1571 |
| | § | |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT STATE FARM LLOYDS'S NOTICE OF REMOVAL

Defendant State Farm Lloyds (hereinafter "State Farm") files this Notice of Removal to remove from the 44th Judicial District Court of Dallas County, Texas to this Court a suit styled *Ernest Martinez v. State Farm Lloyds* and docketed under Cause No. DC-16-05546 ("State Court Action").

### I.    STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.      This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2.      Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### II.    TIMELINESS OF NOTICE OF REMOVAL

3.      This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after State Farm Lloyds was served with Plaintiff's Original Petition; therefore, State Farm is entitled to remove the case. Plaintiff's State Action was filed on May 9, 2016 and he served the Original Petition on State Farm was served on May 13, 2016.

4.      True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit "A," as required by 28 U.S.C. §1446(a) and Local Rule 81.1 of the United States District Court for the Northern District of Texas.

### III.   NATURE OF PLAINTIFF'S CASE AGAINST STATE FARM

5.      This suit involves a claim made for property damage arising from a hail/windstorm that allegedly occurred on or about May 8, 2014 at Plaintiff's residence. State Farm is Plaintiff's insurer and has worked with Plaintiff to resolve his claim.

6.      On July 13, 2015, Plaintiff provided State Farm with a demand letter pursuant to the Deceptive Trade Practices Act and Texas Insurance Code with an estimate of damages in the amount of $24,861.93 ("Estimate"), dated May 6, 2015.[1]

7.      Plaintiff has sued State Farm for breach of contract and violations of the Texas Insurance Code and Deceptive Trade Practices Act.[2]

### IV.   DIVERSITY JURISDICTION PERMITS REMOVAL

**A.      There is Complete Diversity.**

Pursuant to 28 U.S.C.A. § 1332(a)(1), this Court has diversity jurisdiction because Plaintiff and State Farm are from different states.  As alleged in her Original Petition, Plaintiff is a citizen of Dallas County, Texas.   Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwritPlaiers who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See*

---

[1] Plaintiff's Demand Letter and Estimate of Damages prepared by Global Estimating received on July 13, 2015, attached as Exhibit B.
[2] Plaintiff's Original Petition, attached as Exhibit A-2.

*Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

**B.      Courts Apply "Common Sense" When Determining the Amount in Controversy.**

For removal, the amount in controversy must be in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). The amount in controversy includes all damages available under the law governing the suit but the party seeking to invoke the court's jurisdiction must rely on more than conclusory allegations to establish jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254–55 (5th Cir.1998). When determining the amount in controversy, the courts may apply common sense to the allegations, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995), and "may look, not only to the face of the complaint, but to the proofs offered by the parties." *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir.2001).

Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy. 28 U.S.C. § 1332(a). However, a plaintiff's pleading of a specific sum does not control in two instances—when made in bad faith or when state court practice does not permit demand for a specific sum. *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *Gresham v. SEI Investments Mgmt. Corp.*, 3:09-CV-2406-D, 2010 WL 1330640, at *2 (N.D. Tex. Apr. 5, 2010) *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); ("The face of the plaintiff's pleading will not control if made in bad faith" and a plaintiffs' "abusive manipulation" of pleadings to evade federal jurisdiction may be characterized as bad faith.").

**C.      Plaintiffs Cannot Manipulate the Amount In Controversy To Dodge Removal.**

As set forth in *Gresham v. SEI Investments Mgmt. Corp.*, plaintiffs should not manipulate the amount in controversy in bad faith by "simply plead[ing] an amount less than the jurisdictional minimum without any similar logical justification:"

> For example, in *Troiani v. Allstate Ins. Co.* [citation omitted], the plaintiff asserted multiple causes of action and requested relief "not in excess of $70,000," without any justification for that limitation. Further, in addition to his request for $70,000, the *Troiani* plaintiff sought exemplary damages, treble damages, and attorney's fees. *See id.* at *4.

*Gresham*, 2010 WL 1330640, at *3 (J. Fitzwater)(citing *Troiani v. Allstate Ins. Co. .,* 2006 WL 1851378 (S.D.Tex. July 3, 2006)). *See also Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (where no damages were alleged in state court petition; federal court found plaintiff's back pay claim would be greater than the jurisdictional amount at the time of trial thus removal was appropriate); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

Texas state court practice does not permit a demand for a specific sum. Tex. R. Civ. P. 47(b)-(c); see also *Chavez*, at *2. Therefore, when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith,' courts may look beyond a plaintiff's allegations." *Lester v. Lester*, 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009) citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6

L.Ed.2d 890 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). In this situation, a defendant may satisfy the amount in controversy element for removal by: "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez,* 2016 U.S. Dist. LEXIS 19920, at *1 *citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**D.     The Amount of Controversy Damage Assessment When Plaintiff Alleges Violations of the Texas Insurance Code and Deceptive Trade Practice Act Occurred.**

        In addition to economic damages, courts consider exemplary damages in determining the amount in controversy if the defendant could be liable for such damages under state law. *Watson v. Provident Life & Acc. Ins. Co.*, CIV.A. 3:08-CV-2065-, 2009 WL 1437823, at *3 (N.D. Tex. May 22, 2009) ("The statutory claim for bad faith allows, in addition to actual damages and attorney's fees, an award of treble damages, at the discretion of the trier of fact, upon a showing that the defendant acted knowingly.") (*citing* Tex. Ins.Code Ann. § 541.152). *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

        Moreover, the 18% penalty interest allowed by the Texas Insurance Code is also considered.  *Watson*, 2009 WL 1437823, at *5. ("Given this clear legislative intent, the court finds that the impact of the statute has not changed and the decision in *St. Paul* is controlling. Therefore, the interest under Texas Insurance Code section 542.060(a) *is included in calculating the amount in controversy* under section 1332.")(emphasis added) *citing St. Paul,* 134 F.3d at 1253 ("we hold that here the statutory damages under [Article 21.55 now Texas Insurance Code section 542.060(a)] *must be included* in calculating the amount in controversy for § 1332."). Moreover, "[i]f a state statute provides for attorney's fees, such fees are included as part of the

amount in controversy." *Watson,* 2009 WL 1437823, at *5 *citing Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## V.   LEGAL ANAYLSIS

**A.   Plaintiff's Original Petition and Prior Representations Establish His Claims Will Exceed $75,000.**

**1.   Plaintiff's Amount in Controversy Allegations and Assertion That Discovery Level 1 Applies are Inconsistent.**

The following allegations set forth in the Original Petition establish that because Texas does not require a specific damage sum, Plaintiff is manipulating the damage assessment in bad faith to thwart removal. *First*, Plaintiff pled that "if the matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost."[3] Alternatively, he states that if the case is *not* removable, he will seek monetary relief "aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees."[4] *Second*, Plaintiff pled that this case is governed by Discovery Level 1, which applies to "any suit in which all plaintiffs affirmatively plead that they seek only monetary relief aggregating $50,000 or less, excluding pre-judgment interest and attorneys' fees, and costs, even though Plaintiff seeks trebled damages, 18% penalty interest under the Texas Insurance Code, and emotional distress damages."[5]   Accordingly, Plaintiff's assertions that the amount in controversy will fluctuate between below $75,000 and $100,000

---

[3] Plaintiff's Original Petition, at ¶ 4, attached at Exhibit A-2.
[4] *Id.*
[5] *Id.* at ¶ 3.

depending on if State Farm seeks to remove the case without any further justification establishes that he is drafting his pleadings solely to dodge removal.[6]

> **2.    Plaintiff's Claims and Relief Sought Establish that the Amount in Controversy Exceeds $75,000.**

Prior to this lawsuit, Plaintiff provided State Farm with an Estimate for $24,861.93 in damages to repair the residence.[7]  Plaintiff did not set forth the actual damages sought but he did specifically request trebled damages ("Plaintiff is entitled to *three times* its damages for economic relief"),[8] 18% interest under the Texas Insurance Code, ("violations are actionable by Texas Insurance Code Section 542.060," which allows the 18% per annum penalty)[9], and extra-contractual damages for Plaintiff's separate "emotion distress" injury.[10]  Plaintiff also seeks attorney's fees which are considered when determining the amount in controversy "[i]f a state statute provides for attorney's fees."[11]

Based on his $24,861.93 damage assessment and his requests for the 18% per year penalty payment, trebled damages, emotional distress damages, and attorney's fees, Plaintiff's potential recovery will exceed the $75,000 requirement.  Even before emotional distress damages and attorney's fees are considered, the amount in controversy threshold is unequivocally overcome based on Plaintiff's own representations:

---

[6] *Troiani v. Allstate Ins. Co.*, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006) ("Texas, however, strictly prohibits plaintiffs from claiming a monetary sum in their original petition. Tex.R. Civ. P. 47(b). Therefore, there is no state provision limiting a plaintiff's total recovery to what was plead in his original state court petition. As a result, plaintiffs may recover more than what is claimed in their original state court petitions. This creates "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *quoting De Aguilar*, 47 F.3d at 1410.
[7] Plaintiff's Estimate of Damages prepared by Global Estimating received on July 13, 2015, 2015, attached as Exhibit B.
[8] Plaintiff's Original Petition, ¶ 11.5, attached as Exhibit A-2.
[9] *Id*. at ¶¶ 8.2-8.4.
[10] *Id*. at ¶¶ 8.2, 9.5, 11.5, 13.3 and 13.4.
[11] *Id*. at ¶¶ 1.3, 7.0, and 13.2, and 13.4.

| | | |
|---|---|---|
| Alleged Dwelling Damage: | $ | 24,861.93 |
| **Total Economic Damages:** | **$** | **24,861.93** |
| | | |
| Economic Damages trebled under Chapter 541 of the TIC and DTPA ($24,861.93 multiplied by 3) | $ | 74,585.79 |
| | | |
| 18% penalty for one year under Chapter 542 ($24,861.93 multiplied by 18%) | $ | 4,475.14 |
| **Total Current Damage Model:** | **$** | **79,060.94** |

Based on the Plaintiff's Estimate of $24,861.93 in economic damages and Plaintiff's claims for trebled damages, attorney's fees, and 18% penalty interest as set forth in the State Court Action, a preponderance of the evidence establishes that the amount in controversy surpasses the $75,000 threshold. Accordingly, Plaintiff has pled his amount in controversy in bad faith solely to thwart removal of this lawsuit.

## B. <u>NOTICE SHALL BE PROVIDED</u>

Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## C. <u>JURY DEMANDED BY PLAINTIFF</u>

Plaintiff requested a trial by jury in the State Court Action.

## D. <u>CONCLUSION</u>

WHEREFORE, State Farm hereby requests removal of this case, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

**ESTES OKON THORNE & CARR PLLC**
*/s/ Amy M. Stewart*

**AMY M. STEWART**
State Bar No. 24060660
Email: astewart@estesokon.com
**Brandon C. Wilson**
State Bar No. 24076776
Email: *bwilson@estesokon.com*

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile:  (214) 599-4099

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on this 10th day of June, 2016.

**VIA FACSIMILE: (800) 628-1498**
Christopher D. Bertini
The Bertini Law Firm, P.C.
The 1894 Trube Estate Building
2415 Market Street
Galveston, TX 77550
Email: cbertini@bertinilaw.com
Telephone: (409) 621-1876

*/s/ Amy M. Stewart*
Amy M. Stewart