# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERNEST MARTINEZ** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 3:16-cv-1571 |
| | § | |
| **STATE FARM LLOYDS** | § | |

<u>**INDEX TO NOTICE OF REMOVAL**</u>

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| 1. | | Docket Sheet |
| 2. | 05/09/16 | Plaintiff's Original Petition |
| 3. | 05/10/16 | Citation Issued |
| 4. | 05/13/16 | Citation Returned |
| 5. | 06/06/16 | Defendant State Farm Lloyd's Original Answer |

Respectfully submitted,

**ESTES OKON THORNE & CARR PLLC**
*/s/ Amy M. Stewart*
**AMY M. STEWART**
State Bar No. 24060660
astewart@estesokon.com
**Brandon Wilson**
State Bar No. 24076776
Email:  bwilson@estesokon.com

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile:  (214) 599-4099

**ATTORNEYS FOR DEFENDANT**

# EXHIBIT 1

## DC-16-05546 - ERNEST MARTINEZ vs. STATE FARM

Case Number: DC-16-05546
File Date: 05/09/2016
Case Status: OPEN

Court: 44th District Court
Case Type: CNTR CNSMR COM DEBT

PLAINTIFF : MARTINEZ, ERNEST
Address:
   1318 BURLINGTON BLVD.
   DALLAS TX 75208

### Active Attorneys
#### Lead Attorney:
**BERTINI, CHRISTOPHER DAV**
Retained
Work Phone: 409-621-1876
Fax Phone: 800-628-1498

DEFENDANT : STATE FARM
Address:
   BY SERVING REGISTERED AGENT: CORPORATION
   SERVICE COMPANY
   211 E. 7TH ST., STE. 620
   AUSTIN TX 78701

### Active Attorneys
#### Lead Attorney:
**STEWART, AMY M**
Retained
Work Phone: 214-599-4000
Fax Phone: 214-665-4160

#### Attorney: WILSON, BRANDON C
Retained
Work Phone: 214-599-4000
Fax Phone: 214-599-4099

05/09/2016 NEW CASE FILED (OCA) - CIVIL
05/09/2016 ORIGINAL PETITION
   POP MARTINEZ ERNEST.pdf
05/09/2016 ISSUE CITATION
05/09/2016 JURY DEMAND
05/10/2016 CITATION ISSUED
   CITATION ISSUED
05/10/2016 CITATION
   Anticipated Server: CERTIFIED MAIL     Anticipated Method:
   Actual Server: CERTIFIED MAIL     Returned: 05/20/2016
   Comment: 9214 8901 0661 5400 0086 1682 87 / GDL
06/06/2016 ORIGINAL ANSWER - GENERAL DENIAL
   Martinez - Def State Farm Lloyds Original Answer.pdf



Loading financial information, please wait...

POP MARTINEZ ERNEST.pdf
CITATION ISSUED
STATE FARM - CITATION
Martinez - Def State Farm Lloyds Original Answer.pdf

# EXHIBIT 2

FILED
DALLAS COUNTY
5/9/2016 1:52:42 PM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

Case 3:16-cv-01571-M   Document 1-1   Filed 06/10/16   Page 7 of 26   PageID 16

DC-16-05546

CAUSE NO. _____

| | | |
|---|---|---|
| ERNEST MARTINEZ | )( | IN THE DISTRICT COURT OF |
| | )( | |
| vs. | )( | DALLAS COUNTY, TEXAS |
| | )( | |
| STATE FARM LLOYDS | )( | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, ERNEST MARTINEZ (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendant, STATE FARM LLOYDS (hereinafter sometimes referred to as "Defendant"), and for cause of action would show the following:

**A. DISCOVERY CONTROL PLAN**

1.1     Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190.2 of the Texas Rules of Civil Procedure and Plaintiff wishes to proceed with an Expedited Action.

1.2     Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

1.3     If this matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost.  If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

**B. PARTIES**

2.1     ERNEST MARTINEZ Plaintiff, is a resident of 1318 Burlington Blvd. DALLAS, DALLAS County, Texas.

2.2     STATE FARM LLOYDS is a domestic insurance company licensed to do business in the State of Texas, with its principal place of business in Richardson, Texas.  Service may done by serving its registered agent for service of process: Corporation Service Company, 211 E. 7th St. Ste 620, Austin, TX 78701-3218 by Certified Mail RRR

## C. JURISDICTION

3.1     This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

3.2     The court has jurisdiction over the Defendant, STATE FARM LLOYDS because Defendant is licensed to do insurance business in the State of Texas; engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

## D. VENUE

4.1     Venue is proper in DALLAS County, Texas because:

a.     The property which was insured by Defendant, and which sustained damages as a result of the covered cause of loss made the basis of this suit, is located in DALLAS County, Texas;

b.     The damage to Plaintiff for which claim was made to Defendant for insurance proceeds was incurred in DALLAS County, Texas as a result of a covered cause of loss, which occurred in DALLAS County, Texas;

c.     Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted by Defendant or its in-house or outside adjusters, who conducted claims-handling activities in DALLAS County, Texas;

d.     This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in DALLAS County, Texas;

## E. FACTS

2

5.1     Plaintiff is the owner of a Texas residential insurance policy issued by Defendant with Policy No. 85LB28448(hereinafter sometimes referred to as "Policy") Plaintiff owns the insured property located at 1318 Burlington Blvd. DALLAS, DALLAS County, Texas County, Texas (hereinafter sometimes referred to as "Residence").

5.2     Defendant sold the Policy insuring the Residence for damages resulting from the covered cause of loss made the basis of this suit, including, without limitation, physical damage to the Residence, damage to personal property, damage to other structures, additional living expenses, code upgrades, temporary repairs, and debris removal, all of which are more particularly described in the Policy.  Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on MAY 8, 2014, (hereinafter sometimes referred to as "Covered Event").

5.3     As a result of the Covered Event, which occurred on May 8, 2014 Plaintiff suffered losses covered under the Policy.  The Residence sustained severe damages, which required temporary and permanent repairs.  Plaintiff continues to suffer damages which are covered under the Policy.

5.4     Thereafter, Defendant, through its adjusters, submitted a letter to PLAINTIFFS that after their investigation they found that the policy does not cover the entire claim.   Defendant went on to detail its investigation including citing the findings investigation, policy provisions and "coverage analysis". As a result of its pretextual analysis, Defendant concluded there was no covered damage.

5.5     Defendant     wrongfully denied PLAINTIFFS' claim for property repairs. Furthermore, Defendant eventually underpaid some of PLAINTIFFS' claims by not providing full

coverage under the Policy as well as underestimating damages during their investigation. Defendants have chosen to continue to deny timely payment of the damages to the buildings.  As a result, PLAINTIFFS has been unable to have the repairs conducted to the property since The Storm's destruction.  As a result, PLAINTIFFS was required to retain an attorney to prosecute its claim for insurance benefits.

5.6      Unfortunately, Defendants have delayed payment for PLAINTIFFS' necessary and covered repairs under the insurance policy.  Given the repeated delays of payment, PLAINTIFFS has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.  In addition, PLAINTIFFS has suffered financial harm and damage as a result of Defendants' denials and repeated delays.

5.7      The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### F.  CAUSES OF ACTION
### COUNT I
### BREACH OF CONTRACT BY DEFENDANT

6.1      Paragraphs 1.1 through 5.7 are incorporated by reference.

6.2      The conduct of Defendant, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

6.3      Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of

actual damages, consequential damages, along with reasonable and necessary attorney's fees. Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

## COUNT II
## VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT

7.1     Paragraphs 1.1 through 6.3 are incorporated by reference.

7.2     The conduct of Defendant, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*.  TEX. INS. CODE Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

7.3     Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.4     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.5     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.6     Defendant's unfair settlement practice constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation 541.051, 541.060 and 541.061.

7.7     Defendant's unfair settlement practice, described above, refusing to pay Plaintiff's claims while failing to conduct a reasonable investigation, constitutes an unfair method of competition, and unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

**COUNT III**
**THE FAILURE OF DEFENDANT TO COMPLY WITH**
**TEXAS INSURANCE CODE CHAPTER 542:  THE**
**PROMPT PAYMENT OF CLAIMS ACT**

8.1     Paragraphs 1.1 through 7.7 are incorporated by reference.

8.2     Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

8.3     Defendant's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims.  TEX. INS. CODE Section 542.055-542.060.

8.4     Defendant's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims.  TEX. INS. CODE Sections 542.055-542.060.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS**
**BY DEFENDANT**

9.1     Paragraphs 1.1 through 8.4 are incorporated by reference.

9.2     Defendant, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

9.3     Defendant refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

9.4     No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim. The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts. As described above, Defendant failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while Defendant knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

9.5     The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial. Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

## G.  KNOWLEDGE AND INTENT

10.1    Paragraphs 1.1 through 9.5 are incorporated by reference.

10.2    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

## H.  VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

11.1   Paragraphs 1.1 through 10.2 are incorporated by reference.

11.2   Plaintiff purchased the Policy in question from the Defendant and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act.  Plaintiff has been damaged by Defendant's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

11.3   Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

11.4   Defendant has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

a.   Defendant misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b.   Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;

c.   Defendant refused to pay the claim without a reasonable investigation on its part with respect to the claim.

11.5   As a result of Defendant's violations of DTPA, Plaintiff suffered actual damages. Because Defendant committed the acts knowingly and intentionally, with conscious indifference to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I.  REQUEST FOR DISCLOSURE TRCP193.7 NOTICE

**12.1   Paragraphs 1.1 through 11.5 are incorporated by reference.**

**12.2**    **Pursuant to TRCP Rule 194, PLAINTIFF requests that defendants disclose the materials described in TRCP Rule 194.2. Notice Pursuant To TRCP 193.7**

**12.3**    **Defendants are hereby notified that Plaintiffs gives actual notice that all documents produced by Defendants in discovery, will be considered authenticated for use against Defendant in any pretrial proceeding and at trial**

## J. DAMAGES AND PRAYER

13.1    Paragraphs 1.1 through 12.2 are incorporated by reference.

13.2.    The conduct of Defendant, as described herein, was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff suffered economic damage and expenses for which Defendant is liable.

13.3    As a direct result of Defendant's knowing misconduct, Plaintiff suffered additional damages.  Accordingly, Defendant is liable to Plaintiff for economic damages and additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

13.4    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendant be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

**THE BERTINI LAW FIRM, P.C.**

9

s//*Christopher D. Bertini*
Christopher D. Bertini
Texas Bar No. 02256060
The 1894 Trube Estate Building
2415 Market Street
Galveston, Texas  77550
Tel.  (409)621-1876
Fax. (800)628-1498
cbertini@bertinilaw.com
www.bertinilaw.com

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*PLAINTIFF hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

s//*Christopher D. Bertini*
Christopher D. Bertini

# EXHIBIT 3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **STATE FARM LLOYDS**
       **BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
       **211 E 7TH ST STE 620**
       **AUSTIN TX  78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ERNEST MARTINEZ**

Filed in said Court  **9th day of May, 2016** against

**STATE FARM LLOYDS**

For Suit, said suit being numbered **DC-16-05546,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_ , Deputy
    GAY LANE

---

**CERT MAIL**

# CITATION

## DC-16-05546

**ERNEST MARTINEZ**
vs.
**STATE FARM LLOYDS**

ISSUED THIS
**10th day of May, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

---

**Attorney for Plaintiff**
CHRISTOPHER DAV BERTINI
THE 1894 TRUBE ESTATE
BUILDING
2415 MARKET ST
GALVESTON       TX 77550
409-621-1876

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID          PAID

## OFFICER'S RETURN

Case No. : DC-16-05546

Court No.44th District Court

Style: ERNEST MARTINEZ

vs.

STATE FARM LLOYDS

Came to hand on the _____10TH_____day of _____MAY_____, 20_16_____, at __2:15_____o'clock_____P___.M. Executed at 211 E 7TH STREET

SUITE 620_____, within the County of _____ at _____ o'clock _____ .M. on the _____day

of_____, 20_____, by delivering to the within named STATE FARM LLOYDS BY SERVING ITS REGISTERED

AGENT CORPORATION SERVICE COMPANY BY US CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $76.00_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

9214 8901 0661 5400 0086 1682 87

Notary Public_____County_____

# EXHIBIT 4

# OFFICER'S RETURN

FILED

MAY 20 2016

FELICIA PITRE
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

Case No. : DC-16-05546

Court No.44th District Court

Style: ERNEST MARTINEZ

vs.

STATE FARM LLOYDS

Came to hand on the _____10TH_____ day of _____MAY_____, 20_16_____, at __2:15_____ o'clock_____P___.M. Executed at 211 E 7TH STREET

SUITE 620_____, within the County of _____ at ___9:12_ o'clock __A__ .M. on the ____13th___ day

of_____May_____, 20___16___, by delivering to the within named STATE FARM LLOYDS BY SERVING ITS REGISTERED

AGENT CORPORATION SERVICE COMPANY BY US CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____Chris   Sarzan_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $76.00_____ | Chris  Sarzan_____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

9214 8901 0661 5400 0086 1682 87

_____

Notary Public_____County_____

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **STATE FARM LLOYDS**
      **BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
      **211 E 7TH ST STE 620**
      **AUSTIN TX 78701**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ERNEST MARTINEZ**

Filed in said Court  **9th day of May, 2016** against

**STATE FARM LLOYDS**

For Suit, said suit being numbered **DC-16-05546,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_ , Deputy
   GAY LANE

---

**CERT MAIL**

# CITATION

## DC-16-05546

**ERNEST MARTINEZ**
vs.
**STATE FARM LLOYDS**

ISSUED THIS
**10th day of May, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
CHRISTOPHER DAV BERTINI
THE 1894 TRUBE ESTATE
BUILDING
2415 MARKET ST
GALVESTON        TX  77550
409-621-1876

**DALLAS COUNTY CONSTABLE**
FEES              FEES NOT
PAID              PAID

Date: May 13, 2016

MAIL MAIL:

The following is in response to your May 13, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000086168287.  The delivery record shows that this item was delivered on May 13, 2016 at 9:12 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Chris Saizan

Address of Recipient :

211. E. 7th # 620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000086168287
DC1605546/GDL
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
STATE FARM LLOYDS
211 E 7TH ST STE 620
AUSTIN, TX  78701-3218

# EXHIBIT 5

FILED
DALLAS COUNTY
6/6/2016 9:29:17 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01571-M   Document 1-1   Filed 06/10/16   Page 25 of 26   PageID 34

## CAUSE NO. DC-16-05546

| | | |
|---|---|---|
| **ERNEST MARTINEZ** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUTNY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **44TH   JUDICIAL DISTRICT** |

### DEFENDANT STATE FARM LLOYD'S ORIGINAL ANSWER

Defendant State Farm Lloyds files this Original Answer to Plaintiff's Original Petition.

### I.
### GENERAL DENIAL

Defendant generally denies, pursuant to Rule 92 of the Texas Rules of Civil Procedure, each and every allegation made against it in Plaintiff's Original Petition.

### II.
### PRAYER

Accordingly, Defendant State Farm Lloyds respectfully prays that upon final disposition of this case, Plaintiff Ernest Martinez take nothing by reason of Plaintiff Ernest Martinez's allegations against Defendant State Farm Lloyds and that this Court grant Defendant State Farm Lloyds such other relief to which it may be entitled, including, but not limited to, reimbursement for the costs incurred by Defendant State Farm Lloyds in responding to and defending the allegations raised against them in Plaintiff Ernest Martinez's Original Petition.

Respectfully submitted,

**ESTES OKON THORNE & CARR PLLC**
*/s/ Amy M. Stewart*
**AMY M. STEWART**
State Bar No. 24060660
astewart@estesokon.com
**BRANDON WILSON**
State Bar No. 24076776
Email: *bwilson@estesokon.com*

3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

**ATTORNEY FOR DEFENDANT STATE
FARM LLOYDS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Original Answer has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this 6th day of June, 2016.

Christopher D. Bertini
The 1894 Trube Estate Building
2415 Market Street
Galveston, TX 77550

/s/ Amy M. Stewart
Amy M. Stewart